IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 06-CR-118-S-01 |
| | ) | |
| NANCY R. MALEK, and | ) | |
| FARROKH MALEK, | ) | |
| | ) | |
| Defendants. | ) | |

**STIPULATION AND ORDER**

The United States of America, by its attorney, Erik C. Peterson, United States Attorney for the Western District of Wisconsin, by Heidi L. Luehring, Assistant United States Attorney, and defendant Farrokh Malek by his attorney, Mark Eisenberg, hereby stipulate and agree as follows:

1. On December 31, 2008, this Court granted the United States' motion for summary judgment and further ordered the fraudulent transfers made by Nancy Malek to Farrokh Malek avoided to the extent necessary to satisfy her restitution debt to the United States.

2. On January 9, 2009, this Court issued an order entering judgment against Farrokh Malek in the amount of $244,500.00 for the value of the transferred assets – the $210,000.00 value of the Bella Vista Property, the $28,000.00 value of the 2003 Lexus, and

the $6,500.00 of the Four Winns boat proceeds.

3. On January 9, 2009, this Court also entered a stay of the order entering judgment against Farrokh Malek until a hearing on January 29, 2009, to hear defendant Farrokh Malek's contention that not all of the items sought are marital property and that he may have rights to some of the value of the assets that are the subject of the Court's order of judgment.

4. In order to resolve this matter prior to the January 29, 2009 hearing, the United States and Farrokh Malek hereby stipulate and agree that upon satisfaction of the terms of this stipulation by Farrokh Malek, the United States will file a satisfaction of the judgment entered against Farrokh Malek with the Court.

5. The United States agrees that interest shall not accrue on the $244,500.00 judgment provided that Farrokh Malek is not in breach of the terms of this agreement and is not in default on any payments.

6. The United States agrees that it will not file a judgment lien against defendant in this matter provided that Farrokh Malek is not in breach of the terms of this agreement and is not in default on any payments.

7. On or before February 15, 2009, defendant agrees to pay $33,000.00 to the Clerk of Court for the Western District of Wisconsin which shall be paid to Meriter Health Services ("Meriter"). Farrokh Malek's $244,500.00 judgment shall be reduced by the $33,000.00 payment to Meriter. If defendant has complied with all the terms of this stipulation, the $33,000.00 payment shall be credited to the $140,000.00 payment limit set forth in paragraphs 14 and 15 of this stipulation.

8. The United States agrees that defendant has the option, before February 15, 2009, to execute a contract to sell Bella Vista without a real estate agent provided the sale price is not less than $190,000.00 and provided that the closing date of sale is on or before April 15, 2009. Provided that defendant has made the initial $33,000.00 payment set forth in paragraph 7 of this agreement, defendant and the United States agree that if defendant enters a contract for sale of Bella Vista, within the terms described above, which results in net proceeds greater than $107,000.00, defendant shall pay $107,000.00 to the United States and defendant shall keep the surplus. Net proceeds for purposes of this paragraph shall be defined as the contracted sales price less the $95,000.00 outstanding mortgage on Bella Vista. Defendant agrees that the United States is entitled to review all documents related to a sale as described in this paragraph. The net proceeds from a sale of Bella Vista as described in this paragraph, up to a maximum of $107,000.00, shall be paid to the Clerk of Court for the Western District of Wisconsin which will forward the proceeds to Meriter.

9. If a contract for sale is not executed pursuant to the terms of paragraph 8, defendant agrees to enter a contract with a real estate agent by February 15, 2009, the real estate agent shall be selected by Meriter in its sole discretion, to list the property located at 9 Frekleton Lane, Bella Vista, Arkansas ("Bella Vista") for sale.

10. Defendant agrees that the United States shall receive copies of all documents related to the marketing and sale of Bella Vista, including, but not limited to, each offer to purchase Bella Vista. Defendant also agrees that the United States may consult with defendant's real estate agent to determine the listing price and sale price of

Bella Vista which the parties agree shall not be less than $190,000.00. Defendant further agrees that the United States in its sole discretion shall determine the listing price, the sales price, whether to counteroffer an offer to purchase, and the terms of any counteroffer.

11. For any contract for sale of Bella Vista on or after February 15, 2009, defendant agrees that Meriter shall be paid the full amount of the net proceeds from the sale of Bella Vista. The net proceeds shall be paid to the Clerk of Court for the Western District of Wisconsin which will forward the proceeds to Meriter.

12. Defendant agrees that the net proceeds shall be defined as the contracted sale price less a real estate commission not to exceed 6% and less the outstanding mortgage on Bella Vista in the amount of $95,000.00. The net proceeds payable to Meriter shall not exceed $244,500.00.

13. Provided defendant receives rental income from Bella Vista, defendant agrees that beginning February 15, 2009, until the sale of Bella Vista, he will pay the full amount of the rental income that he receives, a minimum of $900.00 per month, to the Clerk of Court for the Western District of Wisconsin to be paid to Meriter. Defendant has 15 days from the receipt of the rental payment to forward the payment to the Clerk of Court for the Western District of Wisconsin. Farrokh Malek's $244,500.00 judgment shall be reduced by the amount of the rent payments made to Meriter. If defendant has complied with all the terms of this stipulation, the rental payments shall be credited to the $140,000.00 payment limit set forth in paragraphs 14 and 15 of this stipulation.

14. Defendant agrees that if, after payment of the initial $33,000.00 set forth in

paragraph 7 and after payment of the net proceeds from the sale of Bella Vista toward defendant's $244,500.00 judgment, Meriter has not received at least $140,000.00, defendant shall pay the difference until he has paid the amount of $140,000.00. Defendant agrees that he must have paid a minimum of $140,000.00 within one year of the date of sale of Bella Vista in order to satisfy the terms of this stipulation.

15. The United States agrees that if defendant has paid a minimum of $140,000.00 on or before the one year anniversary date of the sale of Bella Vista and he has complied with all the other terms this stipulation, the United States shall execute a satisfaction of judgment to be filed with the Court stating that defendant has paid a settlement amount which is full and final satisfaction of defendant's judgment.

16. Defendant agrees that he shall pay all mortgage payments, maintain appropriate homeowner's insurance, pay all property taxes, and pay all homeowner or other similar association fees on Bella Vista.

17. Defendant agrees that he shall maintain Bella Vista in good condition, including making any necessary repairs to keep Bella Vista in good condition for sale.

18. Defendant agrees that he shall not dissipate, transfer, mortgage, or encumber any of his assets, including, but not limited to, his UBS IRA in the minimum amount of $70,000.00 or his equity in the property located at 7 Summit Road, Conway, Arkansas, until he has satisfied the terms of this stipulation.

19. Defendant agrees that the $244,500.00 judgment shall not be dischargable in bankruptcy.

20. Defendant hereby expressly waives his right to appeal any of the Court's

opinions and orders issued in this case, the entry of judgment, and the terms and conditions of this stipulation and order.

21. In the event that defendant breaches the terms of this stipulation or defaults on any payment set forth herein, defendant agrees that the balance of the $244,500.00 judgment, including post-judgment interest at the federal rate, shall become due and payable immediately, and the United States may proceed with all available legal remedies to enforce the judgment in the amount of $244,500.00.

22. Defendant shall be in default if a payment is 15 or more days past due.

23. Notice pursuant to paragraph 22 shall be deemed satisfied if notice is sent by first class mail, postage prepaid, to Attorney Mark Eisenberg.

24. The district court shall retain jurisdiction over this case for the purpose of enforcing the terms of this stipulation and order.

*The hearing scheduled for January 29, 2009 is cancelled.*

IT IS SO ORDERED:

Dated and entered this 27th day of January, 2009.

BY THE COURT:

*Barbara B. Crabb*
BARBARA B. CRABB
District Judge

Dated this 26 day of January, 2009.

Respectfully submitted,

ERIK C. PETERSON
United States Attorney

By: /s/
HEIDI L. LUEHRING
Assistant U.S. Attorney
660 W. Washington Ave., #303
Madison, Wisconsin 53703
(608) 264-5158

Dated this 26 day of January, 2009.

DEFENDANT FARROKH MALEK

By: /s/
MARK EISENBERG
Attorney for Farrokh Malek
308 E. Washington Ave.
P.O. Box 1069
Madison, Wisconsin 53701-1069

Dated this 21 day of January, 2009.

DEFENDANT FARROKH MALEK

By: /s/
FARROKH MALEK
Conway, Arkansas 72032